# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

TEKOA T. GLOVER, #271546,   )
       )   CIVIL ACTION NO. 0:06-3454-HFF-BM
      Petitioner,   )
       )
v.       )
       )
COLIE RUSHTON, Warden of   )   **REPORT AND RECOMMENDATION**
McCormick Correctional Institution )
HENRY MCMASTER,   )
ATTORNEY GENERAL OF   )
SOUTH CAROLINA;   )
       )
      Respondents. )
_____)

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The pro se petition was filed on December 8, 2006.

The Respondents filed a return and motion for summary judgment on March 12, 2007. As the Petitioner is proceeding pro se, a Roseboro order was filed on March 13, 2007, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. After receiving an extension of time, Petitioner filed a memorandum in opposition on May 10, 2007.[1] This

---

[1]A second copy of this document was apparently filed with the Court on May 14, 2007. See Docket #30.



matter is now before the Court for disposition.[2]

## **Procedural History**

This case arises out of an incident that occurred on February 6, 1999. On that date, Petitioner and one Derrick Jones were involved in an altercation during which Jones was shot in the foot. Petitioner was subsequently indicted in April 1999 in Anderson County for assault and battery with intent to kill (ABIK) [Indictment No. 99-GS-04-619], and possession of a firearm or knife during commission of or attempt to commit a violent crime [Indictment No. 99-GS-04-618]. (R.pp. 493-496). Petitioner was represented by Robert Gamble, Esquire. After a trial by jury on December 11-13, 2000, Petitioner was found guilty as charged. (R.pp. 37-265). Petitioner was sentenced to a term of twenty (20) years for ABIK and five (5) years, concurrent, for possession of a firearm or knife during commission of or attempt to commit a violent crime. (R.p. 263).

Petitioner filed a timely appeal. However, Petitioner voluntarily withdrew his appeal. See Order, South Carolina Court of Appeals Order of Dismissal and Remittitur, dated April 9, 2002. Petitioner then filed an Application for Post-Conviction Relief ("APCR") on June 6, 2002, asserting the following claims:

**Ground One:** Ineffective assistance of counsel.

    a. Failure to object to hearsay testimony and evidence.

    b. Failure to request certain jury instructions on ABHAN.

    c. Failure to object to burden-shifting.

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondents have filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



d.  Failure to call or supoena victim as a witness.

e.  Failure to call other defense witnesses.

f.  Failure to object to prosecutorial misconduct.

g. Failure to object to trial under the Interstate Agreement on Detainers Act.

h.  Raising self-defense without the consent of the Applicant.

i.  Failure to conduct a suppression hearing.

j.  Failure to investigate.

k.  Failure to raise the victim's gun conviction.

(R.pp. 267-285).[3]

An evidentiary hearing was held in this matter on August 11, 2004, at which Petitioner was present and represented by Gwendlyne Young Smalls, Esquire. (R.pp. 361-454). On February 9, 2005, the PCR judge entered an order denying the petition in its entirety.  (R.pp. 455-462).  The Petitioner thereafter made a pro se Motion to Alter or Amend the Judgment dated February 15, 2005, which was denied by the PCR judge on March 18, 2005.  (R.pp. 463-471, 492).

Petitioner filed a timely appeal, and was initially represented on appeal by Melissa Kimbrough, Esquire.  However, Petitioner subsequently filed a pro se Petition for Writ of Certiorari and moved to relieve Ms. Kimbrough. Petitioner was allowed to proceed pro se, and he raised the following issues on appeal:

I.  Did the PCR court err in holding that counsel was not ineffective for failing to raise the protections of the Interstate Agreement on Detainers Act?

---

[3]Petitioner presents his PCR claims in a rambling style over several typewritten pages.  The PCR judge specifically identified and addressed the claims Petitioner was raising (as set forth hereinabove) in his final order. (R.p. 456).



II..  Did the PCR court err in holding that counsel was not ineffective for failing to raise additional self-defense instructions?

III.  Did the PCR court err in holding counsel was not ineffective for failing to object to hearsay  testimony and evidence?

IV.  Did the PCR court err in holding counsel was not ineffective for failing to object to the prosecution's closing arguments?

V.  Did the PCR court err in holding that counsel was not ineffective for raising self-defense without the appellant's consent?

VI.  Did the PCR court err in holding that counsel was not ineffective for failing to have a suppression hearing on the slugs and for failing to have the slugs analyzed?

VII..  Did the PCR court err in holding that counsel was not ineffective for not motioning to quash the indictments?

VIII.  Did the PCR court err in holding that counsel was not ineffective for not raising the victim's gun conviction?

IX.  Did the PCR court err in holding that counsel was not ineffective for failing to argue the prejudicial effects of admitting appellant's prior drug convictions?

<u>See</u> Petition, p. 1.

The South Carolina Supreme Court denied certiorari in a letter order filed February 15, 2006.  <u>See</u> Order filed February 15, 2006.  On March 22, 2006, the Court entered a letter order denying a petition for rehearing/reconsideration of its previous order, and sent the Remittitur.  <u>See</u> Order filed March 22, 2006.

In his <u>pro</u> <u>se</u> Petition for writ of habeas corpus filed in this United States District Court, Petitioner raises the following claims:

**Ground One**: Counsel was ineffective in failing to raise the Guaranteed Protections under the Interstate Agreement on Detainers Act.

**Ground Two**: Counsel was ineffective in failing to request additional and specific self-defense instructions.

4



**Ground Three:** Counsel was ineffective in failing to object to hearsay evidence.

**Ground Four:** Counsel was ineffective in failing to object to Solicitor's closing argument and prosecutorial misconduct.

See Petition, pp. 6-7.[4]

### Discussion

Respondents have moved for summary judgment pursuant to Rule 12 (b) and Rule 56 (b), Fed.R.Civ.P., submitting that the Petition is without merit and should be dismissed. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

Petitioner argues that his trial counsel was ineffective 1): for failing to raise the Guaranteed Protections under the Interstate Agreement on Detainers Act ("IADA"); 2) for failing to request additional and specific self-defense jury instructions; 3) for failing to object to hearsay

---

[4]Although Petitioner did not list Grounds Three and Four in his petition, he did address them in his opposition to summary judgment. Since the Respondents also addressed these two issues in their Motion for Summary Judgment, the undersigned has discussed these two additional issues on the merits.



testimony; and 4) for failing to object to improper closing arguments and prosecutorial misconduct. These issues were raised in Petitioner's APCR[5], where Petitioner had the burden of proving the allegations in his petition. Butler v. State, 334 S.E.2d 813, 814 (S.C. 1985), cert. denied, 474 U.S. 1094 (1986). The PCR court rejected these claims, making relevant findings of fact and conclusions of law in accordance with S.C.Code Ann. § 17-27-80 (1976), as amended. See Glover v. State of South Carolina, No. 2002-CP-04-1830.

After detailing the testimony presented, the PCR judge found, inter alia: 1) that Petitioner's testimony was not credible on the issues in this case; 2) that trial counsel's testimony was credible; 3) that none of the jury instructions given in this case were objectionable or prejudicial; 4) that no hearsay in the record was so objectionable that a failure to object would constitute deficient performance or prejudice; 5) that much of the alleged hearsay the Petitioner mentions constitutes the *res gestae* of the offense; 6) that Petitioner could only name one witness that his trial counsel failed to call and she did not testify at the PCR hearing; 7) that Petitioner made no showing of what any additional investigation by trial counsel would have gained for his case; 8) that there was no evidence of prosecutorial misconduct; 9) that the closing arguments were not objectionable; 10) that none of the Solicitor's closing arguments amounted to vouching; 11) that the Petitioner also claimed that the Solicitor appealed to the prejudices and passions of the jury through her references to the "community"; 12) that while such references may be problematic generally, in this case they did not prejudice the Petitioner; 13) that for a Solicitor's comments to warrant a reversal of a conviction, the comments must so infect the proceeding with unfairness as to deny the

---

[5]It is not clear whether Respondents concede that Ground Two was raised in the PCR proceedings. However, out of an abundance of caution, the undersigned has addressed this claim along with Petitioner's other three claims. See discussion Section II, infra.



Petitioner due process; 14) that the Solicitor's argument in this case did not rise to the level contemplated in the cases which require reversal, and therefore any failure to object by Petitioner's trial counsel was not prejudicial to him; 15)  that with regard to Petitioner's allegation that his counsel should have moved to dismiss the case against him due to a violation of the time constraints in the IADA, the State had sufficient legal cause for any delay; 16) that while a violation of the time constraints without sufficient legal excuse or motion for a continuance by the State entitles the defendant to a dismissal of the charges, that the State had sufficient legal excuse - it tried the Petitioner on more serious charges during the time frame, which pushed the trial date for his ABWIK charge beyond the normal time constraints in the IADA; 17) that the State did not simply allow the Petitioner to languish in its custody pending his trial; 18) that it moved Petitioner's cases to trial in a timely manner, in order of their importance (the State tried him for murder during the interim between his extradition and his trial for ABWIK); 19) that Petitioner's current and former attorneys requested and were granted continuances from the Court for good cause shown; 20) that Petitioner's counsel was not deficient, nor was Petitioner prejudiced, by counsel's failure to move to dismiss the charges under the IADA; 21) that Petitioner has failed to carry his burden of proof; 22) that counsel's performance was not deficient; 23) that Petitioner suffered no prejudice as a result of any alleged errors; and 24) that there is no reasonable probability that the result of the trial would have been different but for the alleged errors.  (R.pp. 459-461).

Substantial deference is to be given to the state court's findings of fact.  Evans v. Smith, 220 F.3d 306, 311-312 (4th Cir. 2000), cert. denied, 532 U.S. 925 (2001) ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], cert. denied, 532 U.S. 925 (2001); Bell v. Jarvis, 236 F.3d 149 (4th Cir.



2000)(en banc), <u>cert.</u> <u>denied</u>, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). <u>See also</u> <u>Fisher v. Lee</u>, 215 F.3d 438, 446 (4th Cir. 2000), <u>cert.</u> <u>denied</u>, 531 U.S. 1095 (2001); <u>Frye v. Lee</u>, 235 F.3d 897, 900 (4th Cir. 2000), <u>cert.</u> <u>denied</u>, 533 U.S. 960 (2001).

However, although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion. <u>Strickland v. Washington</u>, 466 U.S. 668, 698 (1984); <u>Pruett v. Thompson</u>, 996 F.2d. 1560, 1568 (4th Cir. 1993), <u>cert.</u> <u>denied</u>, 114 S.Ct. 487 (1993) (citing <u>Clozza v. Murray</u>, 913 F.2d. 1092, 1100 (4th Cir. 1990), <u>cert.</u> <u>denied</u>, 499 U.S. 913 (1991)). Nevertheless, since Petitioner's ineffective assistance of counsel claims were adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in <u>Williams v. Taylor</u>, 120 S.Ct. 1495 (2000). <u>Bell v. Jarvis</u>, <u>supra</u>; <u>see</u> <u>also</u> <u>Evans</u>, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"]. Therefore, this Court must be mindful of this deferential standard of review in considering Petitioner's ineffective assistance of counsel claims.

Where allegations of ineffective assistance of counsel are made, the question becomes



"whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 694. In Strickland, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective. First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial. In order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Mazzell v. Evatt, 88 F.3d 263, 269 (4th Cir.), cert. denied, 519 U.S. 1016 (1996). After careful review of the Petition and the record presented to this Court, the undersigned finds and concludes that Petitioner has failed to meet his burden of showing that trial counsel was ineffective under this standard. Smith v. North Carolina, 528 F.2d 807, 809 (4th Cir. 1975) [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus].

## I.

With respect to Petitioner's claim that his counsel failed to raise the guaranteed protections under the IADA, Petitioner's argument is that his counsel should have moved to dismiss the charges because he was not tried within 120 days of his extradition to South Carolina on March 28, 2000. The IADA provides in the relevant section,

> In respect of any proceedings made possible by this Article, trial shall be commenced within one hundred twenty days of the arrival of the prisoner in the receiving state, but for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.



S.C. Code § 17-11-10 (c).

   This issue was raised by Petitioner in his PCR and rejected by the South Carolina court.  However, in addition to Petitioner's claim having been rejected by the state court on the merits, Respondents also argue in their response to this federal habeas petition that Petitioner was not even covered by the IADA at the time the 120 day time period at issue expired. The undersigned agrees. The record reflects that Petitioner signed a waiver of extradition to South Carolina on March 21, 2000, when he was still serving a sentence in North Carolina.  (R.p. 286). However, by March 28, 2000, when Petitioner was extradited to South Carolina,  he does not dispute that he had completed and was no longer serving his North Carolina sentence.   <u>See</u> Petition for Writ of Certiorari, p. 3; <u>see generally</u> Petitioner's Response in Opposition to Summary Judgment. While Petitioner may argue that the fact his North Carolina sentence had expired prior to his extradition should have no effect on the applicability of the IADA's 120 day trial provision, the applicable caselaw does not support Petitioner's argument. <u>See generally</u>,  <u>State v. Butler</u>, 496 So.2d 916, 917 (Fla.Dist.Ct.App.2d Dist. 1986)[where defendant was released from prison in sending jurisdiction prior to expiration of speedy trial period, speedy trial provision of IAD was no longer applicable and defendant was not entitled to have charges in receiving state dismissed on basis of that provision]; <u>Cunningham v. State</u>, 14 S.W.3d 869 (Ark. 2000)[once foreign state in which defendant was incarcerated released her on parole, defendant was no longer in the class of prisoners covered by the IAD, and thus, state's speedy trial rule time period, and not the IAD limitations period, applied to defendant's state felony charge, even though defendant signed interstate detainer agreement giving notice to county prosecutor of defendant's place of imprisonment while incarcerated out of state, where defendant was released on parole before expiration of limitations period]; <u>Womble v. State</u>,



957 S.W.2d 839, 843 (Tenn. Crim.App. 1997)[Protections of Interstate Compact on Detainers do not extend to accused who has been placed on parole in sending state]; <u>State v. Holley</u>, 571 A.2d 892, 893-895 (Md.Ct.Spec.App. 1990)[IAD does not apply to a prisoner whose term of imprisonment in a sister state ends prior to the expiration of the speedy trial date under the IAD]; <u>State v. Oxendine</u>, 473 A.2d 1311, 1313-1314 (Md.Ct.Spec.App.  1984)[When Petitioner was released from incarceration upon expiration of his term, he stepped out from under the protective umbrella of the Intrastate Detainers Act and stood in the same position as any other accused.]; <u>State v. Smith</u>, 353 N.W.2d 338, 341 (S.D. 1984)[where defendant had ceased being a prisoner serving a term of imprisonment in another jurisdiction within IAD's speedy trial time period, IAD was not applicable to him and trial court did not err in refusing to dismiss the indictment on speedy trial grounds]; <u>State v. Dunlap</u>, 290 S.E.2d 744 (N.C.Ct.App. May 4, 1982)[Upon release of defendant from prison in another state before expiration of the period for bringing him to trial under the Interstate Agreement on Detainers, the agreement no longer governed his right to a speedy trial.]

Therefore, as the IADA no longer governed Petitioner's right to a speedy trial once he ceased being a prisoner serving a North Carolina term of incarceration, Petitioner has not shown that his counsel was deficient for failing to move for dismissal on this ground, nor has he shown the necessary prejudice with regard to this claim.  <u>Strickland v. Washington</u>, <u>supra</u>; <u>Mazzell</u>, 88 F.3d at 269; <u>Smith v. North Carolina</u>, 528 F.2d at 809; <u>see also</u> <u>State v. Butler</u>, <u>supra</u>; <u>Cunningham v. State</u>, <u>supra</u>; <u>Womble v. State</u>, <u>supra</u>; <u>State v. Holley</u>, 571 A.2d at 893-895;  <u>State v. Oxendine</u>, 473 A.2d at 1313-1314; <u>State v. Smith</u>, 353 N.W.2d at 341; <u>State v. Dunlap</u>, <u>supra</u>.  This claim is without merit and should be dismissed.

**II.**

11



Petitioner contends in his second ground for relief that his counsel was ineffective for failing to request additional and specific self-defense jury instructions, in particular a self-defense instruction related to a "common ground" defense. (R.pp. 370-371). Although Petitioner contends that this claim was raised in his APCR, it does not appear to have been addressed by the PCR court. Rather, the PCR judge's order indicates that the only issue raised relating to jury instructions was: "Failure to request certain jury instructions on ABHAN". (R.pp. 456, 458).

Petitioner did apparently attempt to raise this issue in his <u>pro</u> <u>se</u> motion to alter or amend the PCR judgment, prompting the State to argue on appeal that this motion was not sufficient to preserve this issue since it was not signed by Petitioner's counsel, citing to Rule 11, SCRCP. <u>See Return to Petition for Writ of Certiorari</u>, pp. 4-5. However, the record reflects that the PCR judge considered this motion and denied relief, and the South Carolina Supreme Court's order does not indicate if this issue on appeal was denied on the merits or was considered procedurally barred. Therefore, out of an abundance of caution, the undersigned has proceeded to discuss this issue on the merits. <u>See</u> <u>note 5</u>, <u>supra</u>.

Under South Carolina law, a jury must be instructed that the State has the obligation to disprove the elements of self defense beyond a reasonable doubt. <u>State v. Addison</u>, 540 S.E.2d 449, 451 (S.C. 2000); <u>see</u> <u>State v. Wiggins</u>, 500 S.E.2d 489, 492 (S.C. 1988).[6] It is not clear if Petitioner is pursuing a claim that his counsel was ineffective for failing to request a charge that the State had the burden to disprove self-defense, but to the extent that he is pursing such a claim, the

---

[6]Even though the United States Supreme Court has held that a state may go so far as to require a *defendant* to prove self-defense by a preponderance of the evidence; <u>see</u> <u>Martin v. Ohio</u>, 480 U.S. 228, 235-236 (1987); South Carolina state law goes further than what is minimally required by the federal constitution. <u>See</u> generally <u>State v. Bellamy</u>, 359 S.E.2d 63, 65 (S.C. 1987).



record clearly shows that the trial court charged that the State had the burden to disprove self-defense. (R.p. 253). Therefore, this claim is without merit.

With respect to Petitioner's "common ground" argument, under South Carolina law a person claiming self-defense must be without fault in bringing on the difficulty, and must be in actual and reasonable fear of imminent danger. See Jackson v. State, 586 S.E.2d 562, 563 (S.C. 2003); State v. Fuller, 377 S.E.2d 328, 330 (S.C. 1989). Further, an individual has a duty to retreat or take other probable means of avoiding danger unless it would increase his danger of being killed or suffering serious bodily injury. Fuller, 377 S.E.2d at 331. Finally, the recipient of a threat is not entitled to respond with deadly force unless threatening words are accompanied by threatening acts. See, e.g. Fuller, 377 S.E.2d at 331 ["[W]ords accompanied by hostile acts, may, depending on the circumstances, establish a plea of self defense . . . ."](quoting State v. Harvey, 68 S.E.2d 409, 414 (S.C. 1951)). Cf State v. Rogers, 466 S.E.2d 360, 362 (S.C. 1996)[in the voluntary manslaughter context, noting that words, no matter how opprobrious, are insufficient to constitute adequate provocation where a deadly weapon is used].

Here, the trial judge charged,

There are four elements required by law to establish self-defense in this case. First, the defendant must be without fault in bringing on the difficulty. Second, the defendant must have actually believed he was in imminent danger of losing his life or sustaining serious bodily injury, or he actually was in such imminent danger.

Third, if his defense is based upon his belief of imminent danger, a reasonably prudent person of ordinary firmness and courage would have entertained the same belief. If the Defendant actually was in imminent danger, the circumstances were such as would warrant a person ordinary prudence, firmness and courage to strike the fatal blow in order to save themself from serious bodily harm or losing their own life. Fourth, the Defendant had no other probable means of avoiding the danger of losing his life or sustaining serious bodily injury than to act as he did in this particular instance. Now, these are the elements of self-defense.

13



(R.pp. 251-252).

Under the applicable caselaw, the "common ground concept" was instructed by the Court in the fourth element. <u>See</u> <u>State v. Osborne</u>, 25 S.E.2d 561, 565-566 (S.C. 1943) [discussing how fourth element of the plea of self defense applies to cases where the incident at issue took place on common ground, such as a highway or open field, but does not apply where the individual is in his own premises and has no duty to retreat][7]; <u>see generally</u> <u>State v. Davis</u>, 317 S.E.2d 452 (S.C. 1984).

Petitioner testified at his PCR hearing that counsel should have requested additional self-defense instructions relating to "common ground", because the instructions given were "deficient". (R.p. 405). However, it is not objectively unreasonable to conclude that the mere addition of additional language referring to "common ground" would have created a reasonable probability of a different result, particularly in light of the weakness of the self defense evidence in this case. <u>Mazzell</u>, 88 F.3d at 269. Further, as noted, the self defense instruction given in this case comports with the applicable law. <u>State v. Osborne</u>, <u>supra</u>; <u>State v. Davis</u>, <u>supra</u>;

The PCR court found that "there was nothing that would suggest that the jury instructions were so improper that they would invite objection and would result in some other course," and that none of the jury instructions given in this case were "either objectionable or prejudicial." (R.pp. 444, 459). Based upon a review of the record and applicable caselaw, the undersigned does not find that the State court's rejection of this claim was unreasonable, or that Petitioner has shown that the outcome of his trial would have been different even if the charge had been different, and on the record before the Court in this case, no federal violation has been shown. <u>Evans</u>, 220 F.3d at 312. This issue is without merit and should be dismissed. <u>See</u> 28 U.S.C. §

---

[7]The record reflects that the shooting occurred on a public sidewalk. (R.p. 369).



2254(d)(1) and (2); <u>Williams v. Taylor</u>, <u>supra</u>.

### III.

Petitioner next contends that his counsel was ineffective for failing to object to hearsay evidence presented at his trial. At the PCR hearing, Petitioner's counsel testified concerning the contested witness testimony identifying Petitioner as the shooter, but opined that he did not believe any of this testimony constituted hearsay. (R.pp. 397-401).

At Petitioner's trial, witness Cephas Robinson testified that after shots were fired the victim in the case (Jones) was laying on the ground and said that "his foot was burning." (R.p. 97). The victim had just been shot only moments before. Respondents argue that such a statement is admissible as a present sense impression of the victim or as an excited utterance. Rule 803(1) and (2), S.C. Rules of Evidence. Detective Michael Walters testified that he saw and met the victim within minutes of the incident, that he approached the victim and observed the victim's foot, and that the victim stated he had been shot and who had shot him. (R.pp. 119-120, 128). Respondents argue that this testimony is also admissible as a present sense impression or excited utterance. Finally, witness Robbie Geer testified that he saw the incident and heard the victim say that he had been shot in the chest, although it was actually his foot. (R.p. 101). Again, Respondents argue that this testimony is admissible as a present sense impression or excited utterance.

This issue was raised in Petitioner's APCR and rejected by the South Carolina court. The PCR judge found that no hearsay in the record was so objectionable that a failure to object constituted deficient performance or prejudice, and that in any event much of the alleged hearsay cited by the Petitioner constituted the *res gestae* of the offense. (R.p. 459).[8] Although Petitioner

---

[8]*Res Gestae* renders acts and declarations which constitute a part of a particular litigated act
(continued...)



argues that the state court was incorrect in its findings, "it is not the province of a federal habeas court to re-examine state-court determinations on state-law questions." <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991)["federal habeas corpus relief does not lie for errors of state law"].   In any event, even if the testimony was inadmissible, the Petitioner has not shown he suffered any prejudice as a result of his counsel's failure to object. <u>Cf</u> <u>State v. Motley</u>, 164 S.E.2d 569, 575 (S.C. 1968)(burden is on defendant to show error in admission of evidence is prejudicial).  The state court determined that admission of the cited testimony was not so extremely unfair that its admission violated the fundamental concepts of justice, and on the record before the Court in this case, no federal violation has been shown. <u>Evans</u>, 220 F.3d at 312;  <u>Dowling v. United States</u>, 493 U.S. 342, 352 (1990);  <u>Strickland</u>, 466 U.S. at 694.  Therefore, this issue is without merit and should be dismissed.

## IV.

Petitioner's final contention is that his counsel was ineffective for failing to object to the Solicitor's prosecutorial misconduct in his closing argument. This issue was raised in Petitioner's APCR and his PCR appeal, with the state court finding that the prosecutor's closing argument was not objectionable.  (R.pp. 459-460).

The record reflects that, during the prosecutor's closing arguments, she stated "there's something wrong when we're willing to turn our back on the community because it's a different race or a different economic make up". (R.p. 237).  She also stated:

> These witnesses have risked a whole lot to come to you.  A whole lot to come to you.
> And they are believable.  There is no reason not to believe them.  The Defendant

---

[8](...continued)
admissible in evidence, even though they would otherwise come within the rule excluding hearsay evidence or self-serving declarations. <u>Black's Law Dictionary</u> (Revised Fourth Edition).



clearly wanted to send a message to this community.  And you will be sending a message with your verdict back to this community.  The message needs to be that we are in the small town of Anderson, and you, Toby Glover, will not turn it into New York City.

(R.p. 238); <u>see</u> (R.pp. 386-387).

Petitioner argues that these comments constituted impermissible vouching for the witnesses as to their believability, as well as an improper appeal to "community values".  Counsel testified that, while it was a "close question", he typically does not object during closing arguments unless its just "blatant" because it creates a bad impression on the jury. (R.pp. 387, 390-391). Petitioner's counsel testified that he believed such objections tended to annoy the jury and that he did not see the Solicitor's closing argument as sufficiently problematic to warrant an objection which might cause him a problem with the jury.

Petitioner has failed to meet his burden of showing that trial counsel was ineffective for failing to object to these arguments.  <u>Smith v. North Carolina</u>, 528 F.2d at 809 [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus]. While the decisions of trial counsel are always subject to being second guessed with the benefit of hindsight, tactical and strategic choices made by counsel after due consideration do not constitute ineffective assistance of counsel. <u>Strickland</u>, 466 U.S. at 689.  There is a strong presumption that counsel's conduct during trial was within the wide range of reasonable professional assistance, and this Court should not scrutinize counsel's performance by looking at the decisions made in an after the fact manner. <u>Id</u>. at 688-689; <u>Bunch v. Thompson</u>, 949 F.2d 1354 (4th Cir. 1991), <u>cert. denied</u>, 505 U.S. 1230 (1992); <u>Horne v. Peyton</u>, 356 F.2d 631, 633 (4th Cir. 1966), <u>cert. denied</u>, 385 U.S. 863 (1966); <u>Burger v. Kemp</u>, 483 U.S. 776 (1987); <u>see also</u> <u>Harris v. Dugger</u>, 874 F.2d 756, 762 (11th Cir. 1989), <u>cert. denied</u>, 493 U.S. 1011 (1989) [An informed decision by trial counsel should not be second guessed



by a reviewing court.].

Further, the PCR court found that the Solicitor's comments did not amount to vouching, and that the reference to the "community" did not so infect the proceeding with unfairness as to deny the Petitioner due process, constitute prejudice, or warrant reversal. (R.p. 460). The undersigned agrees with the PCR court and can find no reversible error in these findings. <u>Evans</u>, 220 F.3d at 312. Improper vouching occurs when the solicitor "places the government's prestige behind a witness by making explicit personal assurances of a witness' veracity, or where a prosecutor implicitly vouches for a witness' veracity by indicating information not presented to the jury supports the testimony." <u>State v. Shuler</u>, 545 S.E.2d 805, 818 (S.C. 2001). However, as long as the solicitor stays within the record and its reasonable inferences, she has the right to give her version of the testimony and comment on the weight and credibility of the witnesses during the trial. <u>See State v. Raffaldt</u>, 456 S.E.2d 390, 393 (S.C. 1995)[where case was essentially a swearing contest, it was proper for solicitor to comment on the credibility of the witnesses by contrasting the testimony of the defendant and the state's witnesses]; <i>cf.</i> <u>State v. New</u>, 526 S.E.2d 237, 240-241 (S.C.Ct.App. 1999)[solicitor's argument that state's witness had nothing to gain because he would be considered a rat in prison for testifying was a reasonable comment on the credibility of witnesses in the case, especially where believability was a crucial issue in the trial]; <u>see</u> <u>generally</u> <u>United States v. Necoechea</u>, 986 F.2d 1273, 1279 (9th Cir. 1993)[no vouching when prosecutor argued that "if [the witness is lying, why] isn't she doing a better job of it", and stated "I submit . . . that she's not lying", as the "submit" statements were merely permissible inferences from the record, based on the argument that the witnesses had not done a "better job", and the prosecutor's argument that the witness was telling the truth was one he had to make to convict the defendant); <u>United States v.</u>

18



Livingston, 21 Fed.Appx. 564, 566 (9th Cir. 2001)[no vouching when prosecutor stated "we would submit [the officer is] a decent, honest cop", and "we would submit that [the witness], when you evaluate his testimony as a whole, was truthful and credible", as the statements were prefaced by "we submit", and were book ended by statements that made it clear the credibility determination was for the jury.] Therefore, Petitioner has not shown his counsel was ineffective for failing to object to these comments.

Further, even assuming arguendo that the comments were improper, Petitioner has still not shown that he is entitled to relief on this claim, as he has failed to show the requisite prejudice. When considering whether comments by a prosecutor were so improper as to warrant relief, "the relevant question is whether the prosecutors' comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" Darden v. Wainwright, 477 U.S. 168, 181 (1986) (quoting Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974). Cf. Berger v. United States, 295 U.S. 78, 88 (1935) [ "He [the solicitor] may prosecute with earnestness and vigor--indeed, he should do so.  But, while he may strike hard blows, he is not at liberty to strike foul ones."]. "Moreover, the appropriate standard of review for such a claim on a writ of habeas corpus is the 'narrow one of due process, and not the broad exercise of supervisory power.'" Darden, 477 U.S. at 181 (quoting Donnelly, 416 U.S. at 642).  In conducting this review, such comments being undesirable or even "universally condemned" is not alone enough to warrant reversal.  Darden, 477 U.S. at 180-81; see also Donnelly, 416 U.S. at 643.

In United States v. Harrison, 716 F.2d 1050 (4th Cir. 1983), cert. denied, 466 U.S. 972 (1984), the Fourth Circuit set forth the following four factors to be examined to determine whether a prosecutor's comments were so damaging as to require reversal:



(1) the degree to which remarks misled the jury and prejudiced the defendant;

(2) whether remarks were isolated or extensive;

(3) whether absent the remarks, competent evidence established guilt; and

(4) whether comments were deliberately placed before the jury to divert attention to extraneous matters.

Id. at 1052.

Here, after a careful review of the record pursuant to the standards set forth by the Fourth Circuit in Harrison, this court does not find that the cited comments, even assuming arguendo that they were improper, were so damaging as to require reversal in this case. United States v. Harrison, 716 F.2d at 1052. There was an abundance of competent evidence on which the jury could have established Petitioner's guilt, notwithstanding the cited remarks. The undersigned has carefully reviewed the transcript of the closing arguments, the allegations of the Petitioner, the jury instructions from the court, and the memoranda of the parties, and does not find that the solicitor's comments so infected the trial with unfairness as to deny the Petitioner due process. Therefore, Petitioner has failed to show that his counsel's failure to object prejudiced him under the Strickland analysis, and this claim should be dismissed.

## Conclusion

Based on the foregoing, it is recommended that the Respondents' motion for

20



summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.



_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

January 8, 2008

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

